UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 10-11-DLB-1

UNITED STATES OF AMERICA,                                    PLAINTIFF,

V.                        RECOMMENDED DISPOSITION

KEITH M. DURAN,                                         DEFENDANT.

       This matter came before the undersigned for a revocation hearing on May 24, 2017, in Ashland, Kentucky. The charges forming the basis of this action are that on August 16, 2016, the defendant committed the crime of felony theft, and then, on December 16, 2017 and February 17, 2017, possessed and used controlled substances, all in violation of the conditions of his supervision.

       At the hearing of May 24, 2017, Michael Campbell, Esq., a member of the Court's CJA panel, was appointed to represent Mr. Duran. [R. 254]. The United States was present by and through Assistant United States Attorney, Ron Walker, Esq. The Defendant moved to dismiss the charges against him based upon undue delay in setting the revocation hearing. The Court continued the hearing to allow counsel to brief the issue of the timeliness of the revocation hearing. All parties, and counsel then convened for a revocation hearing before the undersigned on May 31, 2017. [R. 258]. At that time, the parties informed the Court that, without waiving his motion to dismiss the charges, the Defendant agreed to admit to possession and use of controlled substances as alleged in Violation No's 2 and 3, upon the agreement that the United States would move to dismiss Violation No. 1, charging him with violating supervised release by committing the crime of felony theft in Florida. The matter proceeded by the Court placing the defendant under oath and, after being advised of all applicable rights, including the right to remain silent,

his right to the assistance of counsel, and all rights to a final hearing, the Defendant tendered his plea of guilty to violations 2 and 3 in a knowing, intelligent and voluntary fashion. In doing so, Duran admitted to the illegal possession and use of controlled substances on two separate occasions. As the violations have been established by a preponderance of the evidence, the undersigned recommends that the Defendant be found guilty of Violations 2 and 3. The Defendant asked for a sentence of incarceration below the low end of the guidelines, and the United States argued for a sentence at the low end of the guidelines. The Court will now consider the issues presented in this action.

### **The Defendant's Motion to Dismiss**

The Defendant has moved to dismiss the charges presented in the violation report, arguing that his hearings have been scheduled in violation of Fed.R.Crim.P. 32.1(b)(1)(A) and (2) requiring that a preliminary hearing be promptly conducted when a person is in custody for allegedly violating the conditions of supervised release, and a revocation hearing is to be conducted "within a reasonable period of time". [R. 255]. In this case, the Defendant argues that the delay in timely holding the required hearings was not in any way attributable to him. In fact, the Defendant states that the final hearing in this district was only scheduled after he requested one by letter sent to the Court and filed into the record on May 19, 2017. [R. 249]. A proper analysis of the issues raised by the Defendant requires a full understanding of the procedural history of this matter leading up to his final revocation hearing in this district.

On March 27, 2017, the Defendant was arrested in the Southern District of Florida, upon a warrant issued in this District. [R. 248]. His initial appearance was held on March 28, 2017.

[R. 248]. At that time the United States moved for his detention, and the Magistrate Judge scheduled and held a detention hearing on March 29, 2017. [R. 248]. Following the hearing, Duran was detained and ordered to be transported to this, the charging district, for further proceedings. [R. 248].

Then, on April 14, 2017, the United States Marshal was notified that Duran had by airlift arrived in Kentucky and was being held at the Grayson County Detention Center. For reasons unknown, the Court was not notified of Duran's arrival in Kentucky, and it was not until May 19, 2017, when Duran sent a letter to the Court requesting a hearing, that the Court was informed of his presence. As a result, the Court scheduled a revocation hearing in this action for May 24, 2017. [R. 250]. At the hearing, defense counsel moved to dismiss the alleged violations based upon delay in bringing Duran before the Court.

The rights incident to a hearing upon being charged with violation of the conditions of supervision, applicable to this case, are set out in Rule 32.1 of the Federal Rules of Criminal Procedure, which provides:

> (1) Preliminary Hearing.
>
>> (A) *In General.* If a person is in custody for violating a condition of probation of supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing.
>
> * * *
>
>> (2) Revocation Hearing. Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction.

"At minimum, this process must include: (1) a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his supervised release; and (2) a revocation hearing to make a "final evaluation" of the facts and consider "whether the facts as determined warrant revocation." Morrissey v. Brewer, 408 U.S. 471, 485, 487-88 (1972); *see also* Fed. R. Crim. P. 32.1(b); United States v. Ivy, 2017 Fed App. 0095N (6th Cir. 2017) (codifying the requirements of Morrissey v. Brewer, 408 U.S. 471 (1972).

In United States v. Throneburg, 87 F.3d 851 (6th Cir. 1996), the court, addressed Michael Throneburg's argument that he suffered prejudice from a delay in executing a warrant and holding a hearing. Finding that Throneburg's due process concerns about delay came into play only when the delay prejudiced his ability to contest the validity of the revocation, the Court denied his appeal. Id. at 3-5. Throneburg had admitted that he violated two conditions of supervised release and he made no attempt to prove that he did not commit those violations. Id.

In this action, Duran signed a written admission and provided a handwritten statement regarding his use of controlled substances in December, 2016. In addition, he admitted his possession and use of controlled substances in February, 2017. He made no attempt to contradict this evidence, or submit proof to the contrary. Therefore, as in Throneburg, Duran demonstrated no prejudice to his ability to defend against the charges, and the Court cannot find that delay between his return to this district and the final hearing adversely impacted his ability to defend. Absent a showing of such prejudice, the Court will recommend that his motion to dismiss be denied.

**HISTORY OF ALLEGED VIOLATIONS**

In the report of February 27, 2017, and the Memorandum of February 28, 2017, the

supervising officer recounts that Duran committed the two violations at issue in this action: Count numbers Two and Three, charging Duran with unlawful possession and use of a controlled substance. The basis for these violations is the fact that Duran submitted two separate urine specimens which tested positive for the presence of cocaine. In addition, he subsequently admitted to cocaine use on both separate dates, and signed admission regardinig his use on the December 2016 occasion.

As a result, Duran is guilty of having violated the following two conditions of his release, and the evidence supports such a finding by a preponderance of the evidence:

Violation No. 2: Condition: The Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Grade C Violation.

Violation No. 3: Condition: The defendant shall not commit another federal, state or local crime. Grade B Violation.

As the violations have been established by a preponderance of the evidence, the undersigned recommends that the Defendant be found guilty of both violations. The Court will now consider the appropriate penalty.

## **SENTENCING RECOMMENDATION**

### I.

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for the factors that must be considered in order for a sentence to be properly calculated and imposed. The statute provides:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentences and the sentencing ranges established...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II.

In considering the nature and circumstances of the instant offenses, and the Defendant's history and characteristics, the court finds the following particularly relevant.

The Defendant is a 41 year old male before the Court on violations of supervised release after being sentenced to 72 months imprisonment followed by three years of supervised release for trafficking in oxycodone. At sentencing, he was determined to have a criminal history category of IV. The most serious violation in this case is a Grade B violation, resulting in a Guideline range of 12 to 18 months imprisonment, and no maximum term of supervised release. The reported violations before the Court in this matter are the Defendant's first. While Violation No. 1 charges that he committed the crime of theft of goods in Florida, the United States has

asked to dismiss that charge without prejudice. As a result, the Court does not consider the alleged conduct underlying Violation No. 1 in considering an appropriate sentence though if convicted of those state court charges in Florida he may later face Violation No. 1. Removing that issue from the calculus leaves consideration of two violations, resulting from the illegal use of controlled substances on two occasions: December 2016, and February 2017.

Other factors bear mentioning in this case. Duran has demonstrated an ability to maintain financially successful employment, and it is reported that work awaits his return to the Southern District of Florida upon conclusion of this matter.

### III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court finds that the penalties described sufficiently reflect Duran's past criminal history, and the seriousness of the charges he faces in this case. In addition, the Court finds that the most effective way of deterring criminal conduct, and protecting the public from further crimes, is to impose a sentence of incarceration followed by supervision for a short period of time. In addition, the parties express no need, and the Court finds none, to require provisions to

7

provide for educational training or vocational training. Duran does experience some difficulties related to his prior diagnoses of anxiety and depression, however, he evidences an ability to secure and maintain gainful employment, indicating that he possesses the traits and characteristics necessary to be financially successful.

IV.

The kinds of sentences and the sentencing ranges available.

In this action, the most serious violation committed by Duran is a Grade B Violation. Considering the severity of this violation in combination with his criminal history of IV, the United States Sentencing Guidelines recommend a sentence of imprisonment of 12-18 months. The maximum term of imprisonment, however, that can be imposed upon revocation is 24 months, with no maximum limit of supervised release to follow.

CONCLUSION

As previously stated, that facts upon which the Court recommends finding that the Defendant committed all alleged violations have been established by his own admission, and have been proven by a preponderance of the evidence. In addition, considering the Defendants criminal past, as reflected in his criminal history the Court finds a sentence of 6 months incarceration, following by six months of supervised release in a halfway house to be appropriate. The recommendation is designed to afford a period of incarceration to dissuade Duran from future criminal activity, while simultaneously allowing an opportunity to continue making a transition into productive society.

Therefore, the undersigned recommends:

(1) That Violation No. 1 be DISMISSED without prejudice;

(2) That the Defendants supervision be REVOKED, and he be sentenced to six months and one day incarceration with six months of supervised release to follow in a halfway house. To the extent possible, the undersigned would recommend that the Defendant's incarceration and stay at a halfway house be within the Southern District of Florida, near his family.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 5, 2017.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge